**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MARY PARADISE,

    Plaintiff,

vs.

                              CASE NO. 3:07-cv-225-J-25TEM

MICHAEL J. ASTRUE
Commissioner of Social
Security,

    Defendant.
_____

## **O R D E R**

This case is before the Court on Plaintiff's Motion to Enlarge Time for Process of Service (Doc. #11, Motion), filed October 26, 2007. Plaintiff's counsel earlier requested the same relief by *ore tenus* motion at the October 25, 2007 telephonic hearing. Plaintiff filed her complaint in the instant action on March 26, 2007. Plaintiff avers she has yet to effect service of process upon Defendant because she has been awaiting resolution of her motion to proceed *in forma pauperis*.

Upon initial review of Plaintiff's original Affidavit of Indigency (Doc. #2), the Court noted the form was potentially incomplete, so in an abundance of caution Plaintiff was afforded an opportunity to submit an amended Affidavit of Indigency. The Court took care to state, "Plaintiff also shall specifically state any reasons why the Court should not consider the $8,620 insurance proceeds as funds available to pay for the filing fee." (Doc. #5 at 2). On July 27, 2007, Plaintiff submitted an amended Affidavit of Indigency (Doc. #6). Upon review, the Court noted this affidavit indicated a rather substantial increase in Plaintiff's available assets, which the Court found to be unusual. The Court, therefore, held

a telephonic hearing on the matter of Plaintiff's request for in forma pauperis status on October 25, 2007.  Plaintiff's counsel and Plaintiff personally participated in the hearing.  Plaintiff indicated some of the stated assets were not actually available for her use, e.g. the $100,000 shown as received monies within the last twelve (12) months from the Publix Funded Retirement, actually remained in the spouse's 401K plan with his employer.  Plaintiff also stated the $8,620 received from a homeowner's insurance claim had actually been paid out to a contractor to repair the damage giving rise to the claim.  At conclusion of the hearing, the Court agreed to entertain an oral motion for enlargement of time to serve process in this case and to permit Plaintiff to file yet another amended Affidavit of Indigency.  A third Affidavit of Indigency was filed November 7, 2007 (Doc. #12).  Two days later, Plaintiff paid the filing fee on November 9, 2007 (*see* Docket Report).  Thus, Plaintiff's third amended Affidavit of Indigency (Doc. #12), submitted as a motion to proceed *in forma pauperis*, is now **MOOT**.

      Rule 4(m) of the Federal Rules of Civil Procedure states in relevant part that "[if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint . . .[and,] if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."  Persons who are permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915 are entitled to have officers of the court serve process.  28 U.S.C. § 1915 (d) (1996).  Plaintiff's failure to serve process due to a belief she would be permitted to proceed without prepayment of fees and thereby potentially have service accomplished by the U.S. Marshall convinces this Court that good

cause has been demonstrated to warrant the extension of time requested.[1]

Thus, having reviewed this matter, and for good cause shown, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Enlarge Time for Process of Service (Doc. #11) is **GRANTED**.

2. Plaintiff's *ore tenus* motion to extend time for service of process (Doc. #9) is **DEEMED MOOT**.

3. Plaintiff shall have **thirty (30) days** from the date of this Order in which to perfect service of process upon Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 13th day of November, 2007.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Counsel of Record

---

[1] The Court notes that any attorney who is a member of the bar of this Court is an officer of the Court. The relevant portion of the statute states, "The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases." 28 U.S.C. § 1915(d). The statute does not specify that service of process shall issue solely by order of the Court to the U.S. Marshall.